73 F.3d 356
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Genie ARMOUR, Plaintiff-Appellant,
v.
Wendol WILLIAMS, Defendant-Appellee.
 No. 95-1703.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 12, 1995.
Decided: December 21, 1995.
 
 Beverly D. Crawford, El-Amin & Crawford, P.C., Richmond, VA, for Appellant. C.J. Steuart Thomas, III, Timberlake, Smith, Thomas & Moses, P.C., Staunton, VA, for Appellee.
 Before ERVIN, Chief Judge, and WIDENER and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Genie Armour appeals the district court's order granting summary judgment to the Defendant[1] on the ground of sovereign immunity in a multiple tort action. Armour alleges that the Defendant, Dr. Wendol Williams, a resident at the University of Virginia Medical Center, negligently misdiagnosed her as incompetent and a danger to others. Further, Armour asserts that Dr. Williams's medical opinion defamed her and caused her to be falsely imprisoned at the Blue Ridge Hospital. This court has granted Armour's motion to submit the case on the briefs. Finding no reversible error, we affirm the district court.
 
 
 2
 Armour, a student enrolled in the radiation school at the University of Virginia, was involved in a physical altercation with her roommate, another student at the radiation school. The incident was reported to the director of the program, who contacted the University of Virginia Medical Center's emergency room in order to have Armour examined by a psychiatrist. As the psychiatric resident on call, Dr. Williams proceeded to the director's office, where he met Armour and escorted her to the emergency room.
 
 
 3
 In the emergency room, Dr. Williams examined and evaluated Armour. As part of the evaluation, Dr. Williams spoke with Armour's roommate, the director of the radiation school, and Armour's sister. Based on his examination and evaluation, Dr. Williams concluded that Armour needed further psychiatric evaluation and that she possibly posed a danger to herself or others. Williams sought a temporary detention order from a special justice. The justice heard from Armour, Williams, and other witnesses. Finding probable cause existed to believe that Armour could harm herself or others, the justice issued a temporary detention order directing that Armour be detained for evaluation at Blue Ridge Hospital. Two days later at a formal commitment hearing, the special justice found that Armour did not meet the requirements for formal commitment, and she was released.
 
 
 4
 Armour filed this action against Dr. Williams and the University of Virginia Medical Center alleging medical malpractice, defamation, and false imprisonment. Dr. Williams and the University of Virginia Medical Center moved for dismissal of all counts; however, Williams later requested that summary judgment be granted on the medical malpractice claim. A magistrate judge issued a report recommending dismissal of all claims, except the defamation claim against Dr. Williams. The district court reviewed the magistrate judge's report and the parties' objections, and adopted the magistrate judge's report; however, the district court granted summary judgment to Dr. Williams on the medical malpractice claim.
 
 
 5
 Armour's defamation action against Dr. Williams originally was scheduled for trial, but was voluntarily dismissed pursuant to FED. R. CIV. P. 41(a)(1). Armour appeals the district court's order granting summary judgment to Dr. Williams on the ground of sovereign immunity.
 
 
 6
 First, Armour claims that summary judgment was inappropriate because she attached deposition transcripts in lieu of affidavits to her opposition to Williams's motion for summary judgment. Transcripts may constitute the proof required to oppose a motion for summary judgment,[2] but the mere submission of deposition transcripts or affidavits in opposition to a motion for summary judgment does not create genuine issues of material fact. Armour must support her complaint with concrete probative evidence from which a reasonable jury could return a verdict in her favor, and that evidence must create a material dispute.[3] Most of the underlying facts in this case are not in dispute, and more importantly, the material facts pertaining to sovereign immunity are not genuinely in dispute. Because Armour's deposition failed to put a material fact in dispute, the district court's determination that summary judgment was appropriate was not in error.[4] Next, Armour contends that the district court erred by granting summary judgment to Dr. Williams on the ground of sovereign immunity. Armour's claim is without merit. In Virginia, medical residents providing medical services in state-run training programs enjoy sovereign immunity from suit for acts of simple negligence.[5] Dr. Williams was in his first year of a psychiatric residency program devised, sponsored, directed, and funded by the Commonwealth of Virginia. He had no right to choose his patients, and no contractual relationship developed between him and Armour for his services, as his only compensation was his salary from the hospital, an agency of the state. Dr. Williams was acting within the scope of the residency program when, as the emergency room psychiatric resident on call, he examined Armour and in his best judgment recommended to the special justice that a temporary detention order be issued.[6] Accordingly, we find no error in the district court's determination that sovereign immunity extends to Williams.
 
 AFFIRMED
 
 
 [1]
 The University of Virginia Medical Center was also named a Defendant in the complaint; however, all counts against the University Medical center were dismissed and are not part of this appeal
 
 
 [2]
 FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Gray v. Spillman, 925 F.2d 90, 95 (4th Cir.1991)
 
 
 [3]
 See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)
 
 
 [4]
 Anderson, 477 U.S. at 249-50
 
 
 [5]
 See Gargiulo v. Ohar, 239 Va. 209, 387 S.E.2d 787 (Va.1990); Lawhorne v. Harlan, 214 Va. 405, 200 S.E.2d 569 (Va.1973), overruled in part, First Virginia Bank-Colonial v. Baker, 225 Va. 72, 301 S.E.2d 8 (Va.1983)
 
 
 [6]
 Ohar, 239 Va. at 215, 387 S.E.2d at 791; Harlan, 214 Va. at 408, 200 S.E.2d at 572; see also Hall v. Roberts, 548 F.Supp. 498 (W.D.Va.1982) (granting sovereign immunity to a surgical resident at the University of Virginia Medical Center)